**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DREAM QUEST FLORIDA KEYS, LLC,

    Plaintiffs,

vs.

CASE NO. 3:15-CV-1341-J-39 MCR

BOXCARS ENTERTAINMENT, LLC
d/b/a NATURAL 9 ENTERTAINMENT,
and LITTON ENTERTAINMENT,

    Defendants,
_____/

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff Dream Quest Florida Keys, LLC ("Dream Quest LLC") sues Defendants, Boxcars Entertainment, LLC d/b/a Natural 9 Entertainment ("Boxcars") and Litton Entertainment ("Litton") (collectively referred to as "Defendants") and states as follows:

**NATURE OF THE CLAIMS**

1. This is an action for trademark infringement of a federally registered trademark under 15 U.S.C. §1114; unfair competition under 15 U.S.C. §1125; deceptive trade practices under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Florida Statutes, Sections 501.201-501.213, and unfair competition under Florida common law.

**PARTIES, VENUE AND JURISDICTION**

2. Plaintiff Dream Quest LLC is a Florida Limited Liability Company with a principal business address located at 2613 Canyon Falls Drive Jacksonville, FL 32224.

1

3. Upon information and belief, Defendant Boxcars is a Limited Liability Company with a principal business address located at 611 North Orchard Drive Burbank, CA 91506. Upon information and belief, Boxcars produces television programming for national television broadcasting networks, such as The CW Network. Upon information and belief, Boxcars has specifically produced programming that is aired in the Jacksonville area.

4. Upon information and belief, Defendant Litton is a company with a principal business address located at 884 Allbritton Blvd # 200 Mt Pleasant, SC 29464. Litton produces and distributes television programming globally. Upon information and belief, Litton produced and/or distributed programming that is aired in the Jacksonville area.

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338(b), because this action arises under the Lanham Act, 15 U.S.C. §1051, *et seq*. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in the United States District Court for the Middle District of Florida because many of the acts giving rise to this case, including the infringement of Plaintiff's trademarks, occurred in the Middle District of Florida.

7. The amount in controversy exceeds $75,000.

## FACTUAL BACKGROUND

### The History of the DREAM QUEST Mark

8. Dream Quest LLC is a producer and developer of entertainment programming across various mediums and platforms.

9. Dream Quest LLC's creative team has worked for over 30 years in the television industry, producing, directing, writing and acting in a broad range of television programs, from innovative reality-based shows to sports broadcasting. Its team has worked extensively with major broadcast networks such as NBC, Fox, and CW, and has established extensive goodwill throughout their business ventures.

10. In particular, Dream Quest LLC is the creator, developer, and producer of a reality based television program under the name and trademark "DREAM QUEST" which features a format in which individuals attempt to fulfill their dreams in a tropical setting (the "Program").

11. Dream Quest LLC has advertised and aired the Program via the internet, social media, and other traditional media under the DREAM QUEST mark since at least January 2014.

12. In connection with its program, Dream Quest LLC is the owner of a registration with the United States Trademark Office on the Principal Register, U.S. Registration No. 4,668,660 for the mark DREAM QUEST in connection with *"entertainment services in the nature of an on-going reality based television program."* The DREAM QUEST registration was issued on January 6, 2015 with a filing date of

January 31, 2014 and claiming use as of January 31, 2014. A true and accurate copy of the registration is attached hereto as **Exhibit A**.

13. The DREAM QUEST registration is valid and subsisting and constitutes prima facie evidence of Dream Quest LLC's exclusive right to use the Mark in interstate commerce in connection with the services specified in the registration. Further, the DREAM QUEST registration serves as constructive notice of Dream Quest LLC's ownership of the DREAM QUEST mark under 15 U.S.C. §§ 1057, 1072 and 1115. Dream Quest LLC also owns all common law rights and interest in the DREAM QUEST trademark, as discussed above (the trademark registration and common law rights are hereinafter collectively referred to as the "DREAM QUEST Mark").

14. By virtue of the Dream Quest LLC's use, advertising, and promotion of the DREAM QUEST Mark, Dream Quest LLC has developed extensive recognition and goodwill in the relevant industry and with consumers.

15. On September 27, 2015, Dream Quest LLC began airing the Program under the DREAM QUEST Mark in Jacksonville, Florida on the CW-17 with the option for nationwide distribution depending on the success of this airing of the Program.

### Defendants' Infringement of the DREAM QUEST Mark

16. Dream Quest LLC recently learned that Defendants have produced and released a reality television program utilizing the DREAM QUEST Mark in direct competition with Dream Quest LLC's Program.

17. Defendants' reality show program was released under the identical name and trademark "DREAM QUEST" and also features a reality based television

competition set in tropical setting which allows contestants to live their dreams (hereinafter "Defendants' Program").

18. Defendants' Program premiered on October 3, 2015 and is also being aired on the CW network, including in Jacksonville, Florida. Defendants also advertise Defendants' Program via the internet, social media, and other traditional media platforms. For example, Defendants have a Facebook page for Defendants' Program in which viewers are encouraged to comment on Defendants' Program using the hashtag #DreamQuestTV.

19. Dream Quest LLC has not consented to the production and/or distribution of Defendants' Program under the DREAM QUEST Mark.

20. Dream Quest LLC has no affiliation or business relationship of any kind with Defendants or Defendants' Program.

21. Upon learning of Defendants' Program directly competing with Dream Quest LLC's Program under an identical trademark, Dream Quest LLC contacted Defendants directly in an attempt to resolve the matter. In response, Defendants orally agreed to change the name and trademark of Defendants' Program to avoid the confusion that would result from the confusingly similar names.

22. However, Dream Quest LLC was dismayed to learn shortly thereafter that Defendants were still using the DREAM QUEST Mark for Defendants' Program and had merely and inconsistently added the descriptive wording "with Evette Rios" in small font under some uses of the prominent wording DREAM QUEST.

23. This alleged name change has not been made to most internet airings of Defendants' Program, on most internet advertising for Defendants' Program, or even on the hashtag Defendants encourage viewers to use for Defendants' Program, which remains #DreamQuestTV.

24. As a direct result of Defendants use of the DREAM QUEST Mark for Defendants' Program actual confusion has already arisen between the Dream Quest LLC Program and Defendants' Program within the industry and the relevant consumer base, both before and after the alleged name change by Defendants. For example, Dream Quest LLC has learned that due to the identical show names, consumers who attempted to record the Dream Quest LLC Program via DVR instead recorded Defendants' Program, which not only impacts repeat viewership but also the ratings for the Dream Quest LLC Program.

25. As a result of this mounting harm from the continuing and knowing infringement of its valuable trademark rights, on October 6, 2015 Dream Quest LLC, through counsel, sent a letter to Defendants demanding that Defendants cease all use of its DREAM QUEST Mark. A true and accurate copy of the October 6, 2015 letter is attached hereto as **Exhibit B**.

26. To date, Defendants have not fully responded to Dream Quest LLC's demands and instead have persisted in using the DREAM QUEST Mark to Dream Quest LLC's harm and detriment.

## COUNT I

### INFRINGEMENT OF TRADEMARK/ FALSE ENDORSEMENT
### (15 U.S.C. §§ 1114 and 1125(a))

27. Dream Quest LLC incorporates by reference the allegations contained in Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Dream Quest LLC owns all registered and common law rights in the DREAM QUEST Mark. Under 15 U.S.C. § 1115, the DREAM QUEST registration is *prima facie* evidence of the validity of the marks and of Dream Quest LLC's exclusive right to use the DREAM QUEST Mark in commerce.

29. Defendants' production and release of Defendants' Program under the identical DREAM QUEST mark is likely to cause confusion, mistake and/or deception as to the origin, source, or sponsorship of Defendants' Program, or as to an association, affiliation, or connection of Defendants with Dream Quest LLC and therefore constitutes a violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30. The foregoing conduct of Defendants further constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

31. Upon information and belief, Defendants' acts, in particular Defendants' continued infringement after full notice of Dream Quest LLC's rights, have been committed with the deliberate intent to cause confusion, mistake and to deceive.

32. Upon information and belief, Defendants have unjustly profited by their unlawful actions.

33. If not enjoined by this Court pursuant to 15 U.S.C. § 1116, Defendants will continue to distribute, broadcast, advertise, and promote Defendants' Program and otherwise exploit the DREAM QUEST Mark for their own commercial use in violation of Dream Quest LLC's rights under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

34. As a result of Defendants' willful, deliberate, and malicious activities and conduct, Dream Quest LLC has been harmed and will continue to be harmed. Accordingly, Dream Quest LLC is entitled to recover its damages, Defendants' profits received as a result of their infringing activities and conduct, treble damages, Dream Quest LLC's attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

35. Damages alone will not provide Dream Quest LLC with an adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

36. Dream Quest LLC incorporates by reference the allegations contained in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Dream Quest LLC has expended substantial resources, including time and money in building the DREAM QUEST Mark and associated Program.

38. Defendants have advertised and utilized the DREAM QUEST Mark without Dream Quest LLC's permission, with the intention, upon information and belief, to create an association and affiliation with Dream Quest LLC, and to trade-off the goodwill of the DREAM QUEST Mark.

39. The continued use by Defendants of the DREAM QUEST Mark as set forth above constitutes unfair competition and violation of the federal Lanham Act, 15 U.S.C. § 1125(a), and violation of the Dream Quest LLC's exclusive rights to exploit the DREAM QUEST Mark.

40. Defendants' acts, as described throughout, constitute unfair competition with Dream Quest LLC in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendants have unjustly profited by their unlawful actions.

42. Dream Quest LLC has been and will continue to be damaged by Defendants' unlawful actions.

43. Defendants' conducts and acts, as alleged above, will continue to cause irreparable harm to Dream Quest LLC unless enjoined by the Court.

44. Damages alone will not provide Dream Quest LLC with an adequate remedy at law.

## COUNT III
### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (FDUTPA, F.S. §§ 501.201-501.213)

45. Dream Quest LLC incorporates by reference the allegations contained in paragraphs 1 through 45 of this Complaint as if fully set forth herein.

46. Defendants have acted as a business competitor of Dream Quest LLC.

47. Defendants have violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") F.S. §§ 501.201-501.213 by imitating the DREAM QUEST Mark in connection with Defendants' Program in the State of Florida thus using a false

designation of origin, false or misleading description of fact, or false or misleading representation of fact, without authorization, and such use is likely to cause confusion, mistake and/or deception as to the origin, source, or sponsorship of Dream Quest LLC's and Defendants' services, or as to an association, affiliation, or connection between the parties, and engaging in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its business

48. Defendants' deceptive and unfair acts and practices injured Dream Quest LLC.

49. Defendants' actions offend the public, are unethical, oppressive and unscrupulous, affecting trade and commerce now and in the future both within the state of Florida and elsewhere.

50. A causal link exists between the deceptive act and the resulting injury.

51. Defendants' use of a colorable imitation of the DREAM QUEST Mark has caused and is causing Dream Quest LLC to lose control of the goodwill associated with its DREAM QUEST Mark, thus irreparably harming Dream Quest LLC.

52. Unless Defendants' actions are enjoined by this Court, Dream Quest LLC will continue to suffer irreparable injury and damages. The quantum of these damages will be proven at trial.

### COUNT IV
### COMMON LAW TRADEMARK INFRINGEMENT
#### (Florida Common Law)

53. Dream Quest LLC repeats and realleges each and every allegation set forth in paragraphs 1 through 52 of the Complaint as if fully rewritten herein.

54. This cause of action under Florida common law is separate and independent of the federally-based causes of action previously set forth herein, but it is between the same parties and is based on the same operative facts as set forth in the prior causes of action; this Court accordingly has supplemental jurisdiction over said claim.

55. As set forth above, Dream Quest LLC does business in the State of Florida, where it owns and enjoys trademark rights throughout the United States in the DREAM QUEST Mark for the Program.

56. Dream Quest LLC's interest in the DREAM QUEST Mark is valid and legally protectable.

57. The use of the DREAM QUEST Mark by Defendants in connection with the advertising and distribution of Defendants' Program is likely to cause and has caused confusion among consumers.

58. Upon information and belief Defendants' alleged acts of infringement have been committed with the intent to cause confusion and mistake and to deceive.

59. Defendants' use of the DREAM QUEST Mark for Defendants' Program constitutes trademark infringement under the common law of the state of Florida.

60. Dream Quest LLC has been and will continue to be damaged as a result of Defendants' infringement.

61. Defendants' conduct and acts, as alleged above, will continue to cause irreparable harm to Dream Quest LLC unless enjoined by this Court.

## COUNT V – INJUNCTION

62. Dream Quest LLC repeats and realleges each and every allegation set forth in paragraphs 1 through 61 of the Complaint as if fully rewritten herein.

63. This is a count against Defendants Boxcars and Litton for injunctive relief pursuant to 15 U.S.C. § 1116(a).

64. Dream Quest LLC owns all registered and common law rights in the DREAM QUEST Mark. Under 15 U.S.C. § 1115, the DREAM QUEST registration is *prima facie* evidence of the validity of the marks and of Dream Quest LLC's exclusive right to use the DREAM QUEST Mark in commerce.

65. Defendants' production and release of Defendants' Program under the identical DREAM QUEST mark is likely to cause, and has caused actual confusion, mistake and/or deception as to the origin, source, or sponsorship of Defendants' Program, or as to an association, affiliation, or connection of Defendants with Dream Quest LLC.

66. Defendants' conduct constitutes a violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and a false designation of origin in violation of 15 U.S.C. § 1125(a).

67. Defendants have continuously and willfully engaged in the unauthorized use of Dream Quests, LLC's Mark, despite knowing of Dream Quest LLC's exclusive rights to use the Mark.

68. If not enjoined by this Court pursuant to 15 U.S.C. § 1116, Defendants will continue to distribute, broadcast, advertise, and promote Defendants' Program and

otherwise exploit the DREAM QUEST Mark for their own commercial use in violation of Dream Quest LLC's rights under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

69. Defendants' infringing use of Dream Quest LLC's Mark, has and will continue to erode consumer goodwill toward Dream Quest LLC's Mark.

70. Dream Quest LLC has a clear, legal right to the relief requested in this Complaint and also has a likelihood of success on the merits to the claims stated herein.

71. The balance of hardships and the public interest also weigh in favor of this Court awarding both preliminary and permanent injunctive relief against Defendants' continued use of Dream Quest LLC's marks. The hardship to Defendants is de minimis and the public will be served by preventing consumer confusion in the marketplace.

### PRAYER FOR RELIEF

**WHEREFORE,** Dream Quest LLC respectfully demands judgment against Defendants as follows:

(1) Restraining and enjoining Defendants, permanently and preliminarily during the pendency of this action, together with Defendants' officers, agents, members, employees, successors and assigns, and all those in privity and/or acting in concert with them, from advertising, selling, marketing, or distributing Defendants' Program under the DREAM QUEST Mark or any confusingly similar name or mark and/or otherwise using the DREAM QUEST Mark or any confusingly similar name or mark;

(2) Awarding Dream Quest LLC its monetary damages, including actual damages sustained as a result of Defendants' infringement of the DREAM QUEST Mark and other unlawful conduct set forth herein, together with an accounting of Defendants' profits, as

provided in 15 U.S.C. § 1117, and Florida common law, all in amounts to be determined at trial;

(3) Awarding Dream Quest LLC treble damages and punitive damages, upon an appropriate showing under Florida law against Defendants for their willful misconduct in an amount to be determined at trial;

(5) Awarding Dream Quest LLC its costs and reasonable attorneys' fees and expert witness fees in this action, including attorney fees pursuant to 15 U.S.C. § 1117(a) and Florida Statute, Section 501.2105(1);

(6) Finding the case to be exceptional under 15. U.S.C. § 1117(a); and

(7) Granting Dream Quest LLC such other and further relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff Dream Quest LLC hereby demands a trial by jury on all issues so triable.

Dated: November 6, 2015

Respectfully submitted,

_____
SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133
E-Mail: shill@rumberger.com

Attorneys for Plaintiff